**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

**UNITED STATES OF AMERICA    )**
**                            )    CRIMINAL ACTION NO.**
**    v.                      )        2:18cr328-MHT**
**                            )            (WO)**
**CHARLES LAVAUGHN GRIMES     )**

**OPINION**

Defendant Charles Lavaughn Grimes pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. At his sentencing, the court granted his motion for a downward variance and fashioned what it believed to be a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), and one that ensures he receives needed drug and mental-health treatment: a sentence of 26 months' imprisonment, followed by three years of supervised release to include one year of inpatient substance-abuse treatment and six months of home

confinement. The court orally gave its reasons for the variance at the sentencing hearing. However, for the sake of clarity, this opinion memorializes those reasons.

## I. BACKGROUND

Grimes, 48 years old, has long suffered from addictions to alcohol and methamphetamine. His father was reportedly addicted to alcohol, and his brother died from a life of combined abuse of alcohol and drugs. Grimes himself began drinking alcohol at eight years old and started using methamphetamine regularly by his mid-twenties. He told the court that he found methamphetamine helped control his alcohol addiction and limited his alcohol consumption. Grimes has also used illicit drugs as a method of self-medicating chronic pain stemming from a 2009 motorcycle accident.

Grimes's criminal history was driven in significant part by his addictions. Two of his prior convictions were for felony offenses that contribute six points to

his total of 10 criminal-history points under the Guidelines: the first was for a 1999 DUI offense, and the second was for possession of methamphetamine in 2005. Grimes's criminal history also includes other DUI convictions and convictions for domestic-violence offenses committed while intoxicated.

In this case, police stopped Grimes for driving a car with a broken windshield and saw a sawed-off shotgun in the vehicle. During a subsequent search of the car, an officer found a glass smoking device with methamphetamine residue. Grimes pled guilty to the indictment's charges, namely one count of being a felon in possession of a firearm and one count of possessing an unregistered firearm. Because Grimes's base-offense level, after the two-point reduction for his acceptance of responsibility, was 18, and his criminal-history points totaled 10, Grimes's criminal-history category was V. This gave him a Guidelines range of between 51 and 63 months' imprisonment. The government recommended a sentence of 51 months. The court also

found that a bottom of the Guidelines range sentence was appropriate, so it started its calculations at a sentence of 51 months.

## II. DISCUSSION

There are four main reasons for which the court concluded that the Guidelines provisions did not adequately calculate a reasonable sentence in this case, and that a downward variance was therefore warranted.

First, the court found that a variance of five months was warranted to reward Grimes for his assistance in the timely and efficient prosecution of this case, which went beyond his willingness to plead guilty. The original indictment was defective in that the offense date alleged was off by a full year. The government filed a motion to alter the indictment to correct this mistake. Grimes did not object to the government's motion to alter the indictment, and thereby allowed the court and the government to avoid

spending the time and resources necessary to re-indict him. Consequently, the court reduced Grimes's minimum Guidelines sentence by five months.

Second, Grimes's criminal history was driven in significant part by his decades' long addictions. The crimes that contributed to his guideline calculation include DUI, possession of methamphetamine, and domestic-violence offenses he committed while intoxicated. The court found that Grimes's addictions were mitigating factors to consider under 18 U.S.C. § 3553(a), but also considered the severity and nature of the offenses in Grimes's history. *See* 18 U.S.C. § 3553(a)(1) (courts shall consider the nature and circumstances of the offense and the defendant's history and characteristics). To reflect these concerns, the court reduced Grimes's sentence by an additional six months.

Third, the court found that society would be better served by requiring that part of Grimes's confinement be carried out in a residential substance-abuse

treatment program. *See* 18 U.S.C. § 3553(a)(2)(C) & (D) (courts shall consider the need for a sentence "to protect the public from further crimes of the defendant" and "to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner"). To ensure that Grimes receives intensive substance-abuse treatment as part of his sentence, the court converted 12 months of Grimes's sentence to a condition that he complete a year-long residential treatment program as part of his three-year term of supervised release, and, in turn, reduced his sentence of imprisonment by 12 months to reflect this condition.

Fourth, to improve the likelihood that he remains sober following treatment, the court ordered Grimes to serve six months of supervised release on home confinement, following completion of the year in the residential treatment program. To account for this additional curtailment of freedom, the court deducted two months from Grimes's prison sentence.

Accordingly, the court sentenced Grimes to 26 months' imprisonment, followed by three years of supervised release with intensive drug- and alcohol-abuse treatment in addition to mental-health treatment, as further set forth by the judgment in this case.

* * *

For all these reasons, the court found that the 26-month sentence imposed (51 months less a total 25 months) was sufficient but not greater than necessary to comply with the purposes of § 3553(a).

DONE, this the 11th day of February, 2019.

                          /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**